UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| KEVIN SCOTT VARNER, # 947347, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:14-cv-999 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| L. PAUL BAILEY, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. This lawsuit arises out of plaintiff's confinement in the Berrien County jail in 2014. On September 17, 2014, a Berrien County Circuit Court jury found plaintiff guilty of unlawful possession of a controlled substance with intent to deliver 50 grams and guilty of resisting and obstructing a police officer. On November 10, 2014, Judge Sterling R. Schrock sentenced plaintiff to seven to twenty years' imprisonment on the possession with intent to deliver conviction and three to fifteen years' imprisonment on the conviction for resisting and obstructing a police officer, sentences to be served concurrently. Plaintiff was represented by Attorney Kevin P. Banyon until September 8, 2014, when Judge Schrock granted plaintiff's motion to represent himself. Attorney Banyon continued to serve as plaintiff's stand-by counsel.

On September 23, 2014, plaintiff filed this lawsuit while he was a convicted felon awaiting sentencing. The defendant is Berrien County Sheriff L. Paul Bailey. Plaintiff alleges that at some unspecified time before he was arrested on June 17, 2014, Sheriff Bailey or his predecessor closed an inmate law library at the jail. Plaintiff alleges that defendant violated his First Amendment right

of access to court by not providing him with access to a jail law library.[1] He sues Sheriff Bailey in his official capacity and seeks damages and an injunction compelling defendant to provide him with access to a law library to assist him in preparing for the sentencing hearing which was held in November 2014.

The matter is now before me on defendant's motion for summary judgment. (docket # 13). On June 1, 2015, plaintiff filed his response to defendant's motion for summary judgment. (docket # 21). Plaintiff concedes that his claim for injunctive relief should be dismissed because it is moot. (*Id.* at 1, 4, Page ID 177, 180). Further, plaintiff has abandoned his claim for damages against defendant and has conceded that defendant's motion for summary judgment should be granted on his claim that he suffered damages in the course of criminal proceedings because the jail lacked a law library. (*Id.* at 3, Page ID 179). Even absent such abandonment, it is certain that plaintiff's claim for injunctive relief would have been dismissed as moot, *see Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996), and that his claim for damages would have been dismissed because it is *Heck*-barred, *see Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]."). Accordingly, I recommend that plaintiff's claim for injunctive relief be dismissed as moot. I recommend that defendants' motion for summary judgment (docket # 13) be granted as to all plaintiff's claims for damages against defendant unrelated to the Berrien County Circuit Court forfeiture proceedings addressed in greater detail herein.

---

[1]All other claims were dismissed. (docket #s 6, 7).

On June 1, 2015, plaintiff significantly altered his claim against defendant.[2] He is now alleging a violation of his First Amendment right of access to courts based on allegations that the lack of a law library or a law computer hindered his ability to challenge civil forfeiture of a phone and $356.00. Upon review, I recommend that plaintiff's new claim for damages against defendant be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### **Applicable Standards**

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing FED. R. CIV. P. 8(a)(2)); *see Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. The court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012). The Court need not accept as true legal conclusions or unwarranted factual inferences. *Berrington v. Wal–Mart Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012). *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519,

---

[2]On June 1, 2015, plaintiff filed a motion to amend his complaint which was erroneously captioned as a motion to supplement. I entered an order on August 26, 2015, dismissing plaintiff's motion to amend as moot, because leave of Court was not required, and deeming his complaint, as amended, to have been filed *instanter*. (Docket # 27).

520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). A complaint that fails to allege " 'enough facts to state a claim to relief that is plausible on its face' " must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if [ ]he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

## **Allegations**

On October 7, 2014, plaintiff sent a letter to Berrien County Circuit Court Judge Sterling R. Schrock regarding his civil forfeiture case. (docket # 22-1, Page ID 189). October 10, 2014, a deputy clerk of the Berrien County Circuit Court sent plaintiff a letter advising him that Judge Schrock had not retained jurisdiction over the civil forfeiture case and the judge could not act as plaintiff's attorney and give him legal advice.[3] (docket # 22-1, Page ID 190).

On October 13, 2014, a legal assistant in the Berrien County Prosecutor's Office sent plaintiff a letter advising him that the prosecutor's office had received a copy of his October 7, 2014,

---

[3]The attachments to plaintiff's amended pleading are considered under the authority provided by Rule 10(c) of the Federal Rules of Civil Procedure.

letter to Judge Schrock. The letter went on to indicate that forfeiture proceedings had concluded in July 2014 with the forfeiture of a phone and $356.00:

> Attached are copies of the Notice of Seizure of Property and Intent to Forfeit served on you on June 17, 2014, by Officer John Hopkins of the Baroda Lake Township Police Department, along with a copy of the Notice of Forfeiture form signed by Assistant Prosecuting Attorney Jeffrey B. Taylor on July 22, 2014, forfeiting $356.00 in U.S. Currency and One Kyocera cell flip phone to the Baroda Lake Township Police Department pursuant to the Michigan Civil Drug Forfeiture statute. MCL 333.7521, et seq.

(docket # 22-1, Page ID 191).

Plaintiff alleges that his appointed counsel would not assist him in the civil forfeiture case. Plaintiff never challenged the forfeiture.[4] He alleges that the lack of access to a law library or a law computer hindered his efforts to challenge the forfeiture of the flip phone and cash. (docket # 22-1, Page ID 189).

## **Discussion**

---

[4]Because no claim was filed and no bond given, the property was forfeited by operation of Mich. Comp. Laws § 333.7523(1)(d). If plaintiff had challenged the forfeiture and lost, any claim for damages stemming from the state court's judgment would be barred by the *Rooker-Feldman* doctrine. "Lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006); *see Duncan v. U.S. Bank, NA*, 574 F. App'x 599, 601 (6th Cir. 2014). The *Rooker-Feldman* doctrine derives its name from two Supreme Court cases that held that a federal court cannot exercise appellate review of a state-court decision: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). This doctrine is limited to federal cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This Court does not possess direct oversight powers over Michigan's courts. *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). Plaintiff's means of challenging a civil forfeiture judgment would be appeals in Michigan's appellate courts, and if necessary an application for a writ of certiorari in United States Supreme Court. The judgment could not be collaterally attacked in this Court.

Plaintiff's complaint, as amended, fails to state a claim on which relief can be granted against defendant. Prisoners and detainees have a limited right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817 (1977). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified that the *Bounds* decision "did not create an abstract, freestanding right to a law library or legal assistance[.]" *Id.* at 351. "[L]aw libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* (quotation marks omitted). The Supreme Court held that no claim for interference with this right exists unless plaintiff alleges that defendant prevented him from filing a non-frivolous legal claim challenging his conviction or seeking vindication of federally guaranteed rights. *See Lewis*, 518 U.S. at 351-54. Further, a plaintiff must allege that he has suffered an actual injury. *Id.* at 349-54. "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354.

The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.* at 355. The actual injury must be connected to direct pursuit of a non-frivolous direct appeal from a criminal conviction, a habeas corpus petition or a civil rights action under 42 U.S.C. § 1983 to vindicate "basic constitutional rights." *Lewis*, 518 U.S. at 354; *see Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (" 'Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.' ") (quoting *Lewis*, 518 U.S. at 353 n.3). The underlying claim "must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002). "Impairment of

-6-

any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355.

Plaintiff's claim that the lack of a law library or law computer somehow adversely impacted his ability to challenge the civil forfeiture[5] is not a claim to vindicate basic constitutional rights subject to First Amendment protection. *Lewis*, 518 U.S. at 354.

Further, plaintiff's amended complaint falls far short of alleging facts supporting the actual injury element of an access to courts claim. A bare assertion that some deficiency in the legal materials caused the plaintiff prejudice in forfeiture proceedings does not suffice. Plaintiff "does not articulate any actual injury by specifying what defenses he might have been able to raise against the forfeiture had he been able to access legal materials. [Plaintiff] must point to a concrete, nonfrivolous defense he might have raised but for his inability to access legal materials." *Pegues v. Springrob*, 538 F. App'x 717, 719 (7th Cir. 2013). Plaintiff's claim is utterly deficient in that he has not provided the slightest hint of the factual and legal grounds on which he would have based a nonfrivolous challenge to the civil forfeiture. His belated and vague assertion that a law library or law computer would have somehow helped him challenge the civil forfeiture does not suffice.

---

[5]Under Mich. Comp. Laws § 333.7523(1)(c), plaintiff was required to post a bond of "not less than $250.00" in support of a written claim for the property subject to forfeiture. In addition, if the property was ordered forfeited by the court, plaintiff would have been required to "pay all costs and expenses of the forfeiture proceedings." *Id.* The Notice of Seizure of Property and Intent to Forfeit Form served on plaintiff would have included an explanation of how to file a claim and the requirement that he post a bond in support of that claim. *See Michigan v. Any and All Monies*, No. 185677, 1996 WL 33348848 (Mich. Ct. App. Nov. 12, 1996); *see also* MICH. COMP. LAWS § 333.7523(1)(c). The Notice that plaintiff received is conspicuously absent from the exhibits to his amended complaint. The economic reasons for a decision against filing a bond and a written claim in the hope of recovering a relatively small amount of cash and a "Kyocera cell flip phone" are patent.

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's claim for injunctive relief be dismissed as moot. I recommend that defendant's motion for summary judgment (docket # 13) be granted and that judgment be entered in his favor on all plaintiff's claims other than the newly added claim based on Berrien County Circuit Court forfeiture proceedings. I recommend that plaintiff's claim for damages against defendant stemming from the civil forfeiture proceedings be dismissed for failure to state a claim on which relief can be granted.

Dated: August 27, 2015                 /s/ Phillip J. Green
                                       United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).