UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN SCOTT VARNER, # 947347,         ) | |
|      Plaintiff,         ) | |
|                                   ) | No. 1:14-cv-999 |
| -v-                               ) | |
|                                   ) | HONORABLE PAUL L. MALONEY |
| L. PAUL BAILEY,                   ) | |
|      Defendant.                   ) | |
| _____) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Kevin Varner, a prisoner, filed this complaint in September 2014. Varner alleged, while he was detained at the Berrien County Jail, he was denied access to a law library, which interfered with his rights to access the courts. Varner has since amended his complaint, although the gist of the claim remains the same, he was denied access to legal materials. Varner now argues the lack of access to legal materials interfered with ability to defend against a civil forfeiture. Defendant L. Paul Bailey filed a motion for summary judgment. (ECF No. 13.) The magistrate judge reviewed the motion and issued a report recommending Defendant's motion be granted. (ECF No. 28.) Varner filed objections. (ECF No. 29.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The magistrate judge recommends granting Bailey's motion because Varner has not

identified any non-frivolous defense that might have been raised if he had access to a law library. Since the complaint was filed, Varner has been convicted and sentenced, moved to a facility run by the Michigan Department of Corrections, and now has access to a law library. In his objection, Varner now argues that an illegal search and seizure can be a meritorious defense to a civil forfeiture.[1] Varner misstates the law. Property seized in contravention of the Fourth Amendment's prohibition on seizures without probable cause may not be used in criminal prosecutions, but that property is still subject to civil forfeiture. *In re Forfeiture of $180,975*, 478 Mich. 444, 458-59, 734 N.W.2d 489, 497 (Mich. 2007). The property may be forfeited if there is a preponderance of untainted evidence connecting the property to illegal activity. *Id.* 478 Mich. at 471, 734 N.W.2d at 504. Therefore, even if Varner was able to prevail on appeal and successfully suppress drug evidence that formed the basis of his criminal conviction, the phone and cash would still be subject to a civil forfeiture action. Finally, although the Sixth Circuit has not so ruled, other federal circuit courts have found that a prisoner's lack of access to legal materials to challenge civil forfeiture actions does not create a constitutional claim for denial of access to the courts. *See Garcia v. Wyoming*, 587 F.App'x 464, 468 (10th Cir. 2014); *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998).

---

[1] Varner apparently filed a motion to suppress in his criminal action, which was denied and is now on appeal.

Finding no support for the sole objection, the Report and Recommendation (ECF No. 28) is **ADOPTED** as the opinion of this Court.  Defendant Bailey's motion to dismiss (ECF No. 13) is **GRANTED**, which terminates all pending claims.  **IT IS SO ORDERED.**

Date:   September 9, 2015                              /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge